DA 11-0133

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2011 MT 238N

IN THE MATTER OF:

J.H.,

      A Youth in Need of Care.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DN 09-66
Honorable Edward P. McLean, Presiding Judge

COUNSEL OF RECORD:

      For Appellant Father:

      Elizabeth Thomas, Attorney at Law, Missoula, Montana

      For Appellee:

      Steve Bullock, Montana Attorney General; C. Mark Fowler,
Assistant Attorney General, Helena, Montana

      Fred Van Valkenburg, Missoula County Attorney; Diane Conner,
Deputy County Attorney, Missoula, Montana

Submitted on Briefs:  August 24, 2011

Decided:  September 20, 2011

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     J.H. is the daughter of D.H. (Mother) and P.S. (Father). Mother and Father were not in a relationship and were not residing together at the time of J.H.'s birth in Missoula. The Department of Health and Human Services, Child and Family Services Division (DPHHS) took custody of J.H. shortly after her birth. Father's identity was unknown at the time. Subsequent to the discovery of Father's identity, the District Court terminated Father's rights to J.H. after numerous hearings.[1]

¶3     Father argues that DPHHS failed to make reasonable efforts to preserve the parental relationship. He further claims that without a separate hearing on the issue of whether DPHHS was required to make reasonable efforts to preserve the parental relationship or provide a treatment plan, the District Court violated his right to a fundamentally fair proceeding.

¶4     Acting upon information in Mother's affidavit regarding potential putative fathers, DPHHS filed a petition for emergency protective services on January 26, 2010, and Father was granted court-appointed counsel. Father missed four paternity testing

---

[1] Mother relinquished her parental rights and is not a participant in this appeal.

2

appointments arranged by DPHHS in both Wyoming and New Mexico before his paternity was finally established after a fifth appointment on May 19.

¶5     DPHHS petitioned the District Court to terminate Father's parental rights on July 23, 2010.  Father was personally served with this petition in Colfax County, New Mexico on August 10.  Two days before a scheduled hearing on the petition, Father moved for a continuance because he was jailed on a felony heroin possession charge in Pueblo County, Colorado.  After missing several scheduled hearings, Father was ordered to personally appear in Montana at a status hearing scheduled for January 5, 2011.  He once again failed to appear.

¶6     Father made his first appearance in the matter on January 12, 2011, nearly one year after being served.  He was granted visitation, but left Missoula after the hearing and did not inform his attorney of his whereabouts so that DPHHS could schedule visits with J.H. Father did not attend the February 4 termination hearing.  DPHHS informed the District Court that Father had not attempted visitation or asked about J.H., nor had he sent any support, cards or gifts.  The District Court found by clear and convincing evidence that Father had abandoned J.H., that pursuant to § 41-3-423, MCA, DPHHS was not required to make reasonable efforts to preserve the parental relationship or provide a treatment plan, and terminated Father's parental rights.

¶7     This Court reviews a district court's termination of parental rights under an abuse of discretion standard.  We determine whether the district court's findings of fact are clearly erroneous and whether the conclusions of law are correct.  *In re B.M.*, 2010 MT 114, ¶ 14, 356 Mont. 327, 233 P.3d 338.

3

¶8 Montana law requires DPHHS to make reasonable efforts to avoid removing a child from the family, or if removal is necessary, make reasonable efforts to reunify the family. Section 41-3-423, MCA; *In re C.J.*, 2010 MT 179, ¶ 23, 357 Mont. 219, 237 P.3d 1282. There are circumstances, however, when a court may rule that reasonable efforts are unnecessary and proceed with termination of parental rights. One such circumstance is when the parent is deemed to have abandoned the child. Section 41-3-423(2)(a), MCA.

¶9 Abandonment, in turn, is defined in part as:

> (i) leaving a child under circumstances that make reasonable the belief that the parent does not intend to resume care of the child in the future;
> (ii) willfully surrendering physical custody for a period of 6 months and during that period not manifesting to the child and the person having physical custody of the child a firm intention to resume physical custody or to make permanent legal arrangements for the care of the child[.]

Section 41-3-102(1)(i)-(ii), MCA.

¶10 The facts of this case meet both of the above definitions, thus DPHHS was not required to make reasonable efforts to preserve the parental relationship. Likewise, abandonment also precludes the duty to formulate a treatment plan. Section 41-3-609(4)(a), MCA.

¶11 Father also argues that the lack of a separate hearing on DPHHS's effort to preserve the parental relationship violated his right to a fundamentally fair proceeding. The primary components of a fair proceeding are notice and an opportunity to be heard. *In re C.J.*, ¶ 27. In this case Father was initially served on January 26, 2010. He was afforded nearly a year's notice before the termination hearing, and he was provided

numerous hearings in which to be heard. We are not persuaded by Father's claim that he was denied a meaningful opportunity to establish that DPHHS should have provided him with additional services.

¶12 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. Applying the foregoing standards, we are satisfied that the District Court did not abuse its discretion in terminating Father's parental rights.

¶13 Affirmed.

/S/ MIKE McGRATH

We concur:

/S/ BETH BAKER
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS
/S/ JIM RICE